UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ELVA SCHROCK, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CAUSE NO 3:06-CV-52 RM |
| | ) | |
| ALLIANCEONE RECEIVABLES MANAGEMENT, INC., | ) ) | |
| | ) | |
| Defendant | ) | |

OPINION and ORDER

Following completion of the parties' briefing on the motion of AllianceOne Receivables Management to compel arbitration, AllianceOne filed a request to cite additional authority relating to its motion. In response, Ms. Schrock asked the court to defer considering the additional authority cited by AllianceOne until she could produce a contract she was trying to obtain pursuant to a subpoena duces tecum filed in the Eastern District of Virginia. AllianceOne argued in its reply that consideration of the contract referenced by Ms. Schrock was not necessary to the court's determination of whether to compel arbitration in this matter.

Before the court could rule on AllianceOne's request to cite additional authority, Ms. Schrock filed a motion to supplement the record and a motion to file her submission under seal. According to Ms. Schrock, the supplemental material she wants the court to consider contains information that is "confidential and proprietary."

To seal any portion of the record, the court must find good cause to do so. <u>Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.</u>, 178 F.3d 943, 944 (7th Cir. 1999); *see also* <u>Jessup v. Luther</u>, 227 F.3d 993, 997 (7th Cir. 2000) (right of access to public proceedings "serves to (1) promote community respect for the rule of law, (2) provide a check on the activities of judges and litigants, and (3) foster more accurate fact finding"); <u>Union Oil Co. of Cal. v. Leavell</u>, 220 F.3d 562, 567 (7th Cir. 2000) ("the tradition that litigation is open to the public is of very long standing"); <u>In re Associated Press</u>, 162 F.3d 503, 506 (7th Cir. 1998) (presumption under the First Amendment is that "there is a right of access to proceedings and documents which have historically been open to the public").

No finding of good cause can be made on the record before the court.

The motion of AllianceOne for leave to submit additional authority [docket # 27] is GRANTED, and the parties are afforded ten days to provide the court with information that would allow it to determine whether good cause exists to seal the materials submitted by Ms. Schrock.

SO ORDERED.

ENTERED:     October 13, 2006

　　　　　　　　　　　　　　　　  /s/ Robert L. Miller, Jr.
　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　United States District Court