UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ELVA SCHROCK,                              )  | |
|                 Plaintiff    )  | |
|        vs.                                       )  | CAUSE NO. 3:06-CV-52 RM |
| ALLIANCEONE RECEIVABLES        )  | |
| MANAGEMENT, INC.,                       )  | |
|                 Defendant  )  | |

OPINION and ORDER

On September 22, 2006, AllianceOne filed its motion for leave to cite additional authority related to its motion to compel arbitration. AllianceOne sought to direct the court's attention to a decision from the Northern District of Illinois it claimed analyzed arguments identical to those involved in this case. Ms. Schrock filed her objection, in which she requested that the court delay ruling on AllianceOne's motion until such time as she could produce documents she was seeking in the Eastern District of Virginia. Before the court could rule on the parties' requests, Ms. Schrock filed a motion requesting leave to file certain materials under seal.

The court directed Ms. Schrock to provide good cause for the sealing of those materials, and in response Ms. Schrock filed her memorandum explaining that the materials she seeks to file under seal are portions of an Agreement, dated October 15, 2004, between Capital One and AllianceOne. According to Ms.

Schrock, the Agreement is marked confidential and contains a provision that explicitly provides that the terms and conditions of the Agreement are confidential. Ms. Schrock also notes that the Agreement is subject to a protective order entered in the Eastern District of Virginia. Ms. Schrock concludes that because the Agreement "contains the proprietary methods, procedures, and standards required by Capital One in its relationship with AllianceOne," the Agreement should be protected as confidential.

Good cause must exist for the sealing of the whole or a portion of a document. Citizens First Nat'l Bank v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir. 1999). The portion of the Agreement here at issue includes page 1, which identifies the parties and sets out the general objectives of the Agreement, and page 35, which states that AllianceOne should be knowledgeable or continue to be knowledgeable about various laws, rules, and regulations that might be applicable to the parties' actions. Recognizing that the terms and contains of the Agreement are confidential, a careful reading of pages 1 and 35 reveals that the text of those pages contains no trade secrets, proprietary methods, procedures, or standards, or information sufficiently confidential to justify the sealing of the pages. Accordingly, Ms. Schrock's motion to seal her submission of pages 1 and 35 of the Agreement [docket # 30] is DENIED.

AllianceOne has also filed a second motion for leave to cite additional authority. In response, Ms. Schrock says she doesn't object to AllianceOne's submission of those cases, but insists that the "facts and legal issues in the

current case are readily distinguishable from the facts and legal issues addressed" in the decisions cited by AllianceOne; Ms. Schrock's response includes copies of two recent opinions in which motions to compel arbitration have been denied. Based on the continued submissions by both sides, the parties are hereby informed that they may cite supplemental decisions rendered since their last submissions but those additional citations should be without argument.

SO ORDERED.

ENTERED:   November 8, 2006


　　　　　　　　　　　　　　   /s/ Robert L. Miller, Jr.
　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　United States District Court